UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERMO FISCHER SCIENTIFIC INC., | ) |
| Plaintiff, | ) No. 4:23-CV-1098 JSD |
| v. | ) |
| RYAN ARTHUR, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Notice of Motion and Motion; Memorandum of Points and Authorities; and Declaration of Defendant in Support of Motion to Compel Responses to Requests for Production of Documents, Set (1), (2), (3), (4), (5), (6), and (7) Interrogatories of Documents, Set (1), (2), (3), (4), (5), (6), and (7), and Monetary Sanction ("Motion to Compel"; ECF No 38).  In Defendant's Motion to Compel (ECF No 38), Defendant "moves this Court for an order compelling Plaintiff Thermo Fisher Scientific et. Al to produce documents and answer interrogatories as requested by the Defendant on ( 15) separate occasions and for such other relief as this Court deems just and proper."

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).  Given that the parties have not held a Rule 26(f) conference and the Court has not held a Rule 16 conference, the Court construes Defendant's Motion to Compel as a motion for expedited discovery.

Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (citing *Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc.,* 2003 WL 23350128 at *1, n. 7 (W.D.N.Y. 2003)). The Court of Appeals for the Eighth Circuit has not adopted either standard. *Monsanto*, 250 F.R.D. at 413.

Defendant Arthur, however, has failed to demonstrate that he is entitled to his requested discovery under either a "good cause" or a preliminary injunction standard. For example, Defendant asks for declarations from 17 of Plaintiff's employees. (ECF No. 38-3 at 8). The Federal rules do not require party to create declarations and Defendant does not provide any authority for such a request. Defendant also states that he has drafted or will draft interrogatories directed at approximately 13 of Plaintiff's employees. (ECF No. 38-3 at 13, 19, 25). Interrogatories and requests for production of documents, however, may be directed only to parties, not employees of parties. Fed. R. Civ. P. 33, 34. Finally, Defendant provided the Court with the proofs of service for these discovery requests, but not the requests themselves. Accordingly, the Court cannot determine whether the requested discovery would satisfy the "good cause" or preliminary injunction standard. For all of these reasons, the Court denies Defendant's Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Notice of Motion and Motion; Memorandum of Points and Authorities; and Declaration of Defendant in Support of Motion to Compel Responses to Requests for Production of Documents, Set (1), (2), (3), (4), (5), (6), and

(7) Interrogatories of Documents, Set (1), (2), (3), (4), (5), (6), and (7), and Monetary Sanction (ECF No 38) is **DENIED**.

Dated this 12th day of October, 2023.

                                                                   _____
                                                                   JOSEPH S. DUEKER
                                                                   UNITED STATES MAGISTRATE JUDGE