**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THERMO FISCHER SCIENTIFIC INC., ) | |
| ) | |
| Plaintiff, ) | No. 4:23-CV-1098 JSD |
| ) | |
| v. ) | |
| ) | |
| RYAN ARTHUR, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Declaration of Jamie Frazier-Held as False and Misleading (ECF No. 31), Defendant's Motion to Strike Declaration of Kevin Wiseman as False and Misleading (ECF No. 33), Defendant's Amended Motion to Strike Declaration of Kevin Wiseman as False and Misleading (ECF No. 36), Defendant's Motion to Strike Declaration of Kara M. Maciel as False and Misleading (ECF No. 37), Defendant's Motion to Strike Declaration of Paul Jorjorian (ECF No. 40), and Defendant's Motion to Strike Declaration of Benjamin Segal and Ronald A. Mays and any Declaration that Uses the Evidence Within these Declarations as False and Misleading (ECF No. 42). Because the Declarations provided by Plaintiff are not pleadings, the Court will deny Defendant's Motions to Strike.

### Standard of Review

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Rule 7, a pleading includes a complaint, an answer to a complaint, counterclaim, or crossclaim, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7(a).

1

"Motions to strike are generally disfavored 'because they are often interposed to create a delay.'" *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011) (quoting *Van Schouwen v. Connaught Corp.,* 782 F.Supp. 1240, 1245 (N.D. Ill. 1991); *see also Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("[S]triking a party's pleading is an extreme measure, and, as a result, we have previously held that '[m]otions to strike ... are viewed with disfavor and are infrequently granted.'") (second alteration in original) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

**Discussion**

Defendant seeks to strike the Declarations of Jamie Frazier-Held, Kevin Wiseman, Kara M. Maciel, Paul Jorjorian, Benjamin Segal, and Ronald A. Mays. (ECF Nos. 31, 32, 36, 37, 40, 42). The Declarations which Plaintiff seeks to strike are not pleadings as contemplated by the Rule 7(a), and therefore, the Motion to Strike is improper under Rule 12(f). *See Baker v. Union Pac. R.R. Co.*, No. 8:20CV315, 2022 WL 4132087, at *2 (D. Neb. Sept. 12, 2022) ("Rule 12(f) does not provide a basis for striking filings, motions, or exhibits that are not pleadings."); *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 934 F. Supp. 2d 1026, 1042–43 (N.D. Iowa 2013) ("Defendants are not seeking to strike matter from a pleading, but, instead, attempt to strike Hagen's Appendix and Statement of Additional Facts offered in opposition to the defendants' Motion For Partial Summary Judgment. As a result, the defendants' Motion to Strike is improper under Rule 12(f) of the Federal Rules of Civil Procedure, and, consequently, denied."); *Adams v. City of Cedar Rapids, Iowa*, No. 21-CV-53-MAR, 2022 WL 16572036, at *16 (N.D. Iowa Oct. 19, 2022); *Jones v. Dolgencorp, Inc.*, 789 F.Supp.2d 1090 (N.D. Iowa 2011).

Further, Defendant's motions are "more in the nature of an objections that can be interposed" during the preliminary injunction hearing. *Baker*, 2022 WL 4132087, at *2. Primarily, Defendant complains that Plaintiff's Declarations fail to provide the complete record of the company's employees' interactions with Defendant. These reasons are not a basis for striking Plaintiff's allegedly incomplete Declarations under Fed. R. Civ. P. 12(f). Defendant will be afforded an opportunity at the Preliminary Injunction hearing to present countervailing evidence, if properly presented under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules. In summary, the Court finds Defendant cannot seek relief under Fed. R. Civ. P. 12(f) and denies his Motions to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Declaration of Jamie Frazier-Held as False and Misleading (ECF No. 31), Defendant's Motion to Strike Declaration of Kevin Wiseman as False and Misleading (ECF No. 33), Defendant's Amended Motion to Strike Declaration of Kevin Wiseman as False and Misleading (ECF No. 36), Defendant's Motion to Strike Declaration of Kara M. Maciel as False and Misleading (ECF No. 37), Defendant's Motion to Strike Declaration of Paul Jorjorian (ECF No. 40), and Defendant's Motion to Strike Declaration of Benjamin Segal and Ronald A. Mays and any Declaration that Uses the Evidence Within these Declarations as False and Misleading (ECF No. 42) are **DENIED**.

Dated this 12th day of October, 2023.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDG