UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERMO FISCHER SCIENTIFIC INC., et al., | ) |
| Plaintiffs, | ) No. 4:23-CV-1098 JSD |
| v. | ) |
| RYAN ARTHUR, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In this protracted case, Plaintiff Thermo Fisher Scientific Inc. ("Thermo Fisher") and Plaintiff Patheon Biologics LLC ("Patheon"), a wholly owned subsidiary of Thermo Fisher (collectively, "Plaintiffs") filed a Verified Complaint against Defendant Ryan Arthur ("Arthur") for misappropriating their confidential information and trade secrets, breaching his contractual obligations owed to the Company, and unlawfully accessing and destroying their data. Plaintiffs allege claims for Violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1833, et seq. (Count One), Violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, et seq. (Count Two), Breach of Contract (Count Three), and Missouri Uniform Trade Secrets Act ("MUTSA"), Mo. Rev. Stat. §§417.453, et seq. (Count Four). This matter is before the Court on various motions that are ready for disposition.

**I.  Arthur's Motion to Compel Plaintiffs to Produce Unredacted Documents (ECF No. 30)**

Arthur asks the Court to grant his Motion to Compel Plaintiffs to produce unredacted versions of documents produced in this case. The Court, however, has reviewed Plaintiffs' redactions and sealing of documents and found that they are warranted given the trade secret and

proprietary information at issue. (ECF No. 114). Further, Arthur has not demonstrated that he has been prejudiced by the redaction of these documents because he has unredacted versions in his own possession. The Court denies Arthur's Motion to Compel on this basis.

### II. Arthur's Motion for Injunction Against Thermo Fisher Scientific et al.'s Lawyers (ECF No. 48)

In Arthur's Motion for Injunction against Thermo Fisher's lawyers, Arthur claims that Plaintiffs' counsel has engaged in "bad faith, unethical, and abusive conduct in this case[.]" (ECF No. 48, ¶ 3). In the request for relief, Arthur asks this Court to remove Plaintiffs' counsel based upon some perceived impropriety on the part of Plaintiffs' counsel.

The Court denies Arthur's Motion for Injunction. As noted in their response, Arthur's motion essentially seeks the Court to disqualify Plaintiffs' counsel for their vigorous representation of their clients. (ECF No. 90). Arthur, however, has identified no specific improper or unethical actions by Plaintiffs' counsel nor has Arthur identified any precedent which would allow the Court to even consider such a sanction. As a result, the Court denies Arthur's Motion for Injunction.

### III. Plaintiffs' Motion for Default Judgment (ECF No. 66)

In their Motion for Default Judgment, Plaintiffs ask the Court to grant judgment in their favor under Fed. R. Civ. P. 55(b). Plaintiffs state that Arthur has not answered or otherwise responded to Plaintiffs' Complaint within the deadline for doing so. Arthur, however, has attempted to comply with the pleading requirements and filed a Motion for Leave to File Answer. (ECF No. 81). Given Arthur's attempt to respond to Plaintiffs' Complaint and that he is clearly engaged and participating in the litigation, the Court denies the Motion for Default Judgment at this time.

### IV. Arthur's Motion for Leave to File a Proposed Amended Motion for Summary Judgment and Memorandum in Support (ECF No. 68)[1]

Arthur asks the Court to allow him to submit a Motion for Summary Judgment and Counterclaim Summary and Memorandum in Support. The Court struck his prior Motion for Summary Judgment because he did not include a separate statement of uncontroverted material facts, as required by E.D.Mo. L.R. 56.1(a) and for failing to cite any of the disputed facts or arguments. *See* ECF No. 64. In looking at Arthur's statement of facts, he does not include citations to anything other than his filings and does not include citations to the record for all of his facts. *See, e.g.*, ECF No. 68-1, ¶¶ 1, 2, 4, 14. Given the early stage of this litigation—particularly that the Court has not yet entered a Case Management Order—and that Arthur's Motion does not fully comply with the Court's requirements, the Court denies, without prejudice, Arthur's Proposed Amended Motion for Summary Judgment.

### V. Arthur's Motion to Submit Countervailing Evidence (ECF No. 72)

Arthur filed a Motion asking the Court to "allow him to submit his countervailing evidence at trial as attached hereto as separate filings for the memorandum of law in support of Defendant's Motion to submit countervailing evidence, countervailing evidence document, and accompanying attachments." (ECF No. 72). Arthur seeks to introduce various site concerns, which he reported to OSHA, FDA, and the FBI.

The Court denies this Motion without prejudice as premature and because it is unclear the relief sought by Arthur. Clearly, if this case proceeds to trial, Arthur will be permitted to defend

---

[1] Arthur submitted an Amended Motion for Leave to File a Proposed Motion for Summary Judgment and Memorandum in Support (ECF No. 70), which appears to have been filed on a different date than ECF No. 68, but is essentially the same, except it does not have attached exhibits. Therefore, the Court does not separately consider Amended Motion for Leave to File a Proposed Motion for Summary Judgment and Memorandum in Support (ECF No. 70).

himself against Plaintiffs' claims. However, given that Arthur is not seeking to respond to any motion, the Court will deny the instant request to submit countervailing evidence.

### VI. Arthurs' Motion for Leave to File Answer or to Order for Preliminary Injunction and Motion to Dismiss (ECF No. 81)

On August 30, 2023, Plaintiffs filed a four-count Complaint against Arthur (ECF No. 1). On September 15, 2023, Plaintiffs filed a summons returned executed, indicating that Arthur was served on September 13, 2023. (ECF No. 16). On that same date, Plaintiffs also filed their Motion for Preliminary Injunction against Arthur. (ECF No. 12). On September 26, 2023, the Court held an in-person status conference with counsel for Plaintiffs and Arthur. (ECF No. 34). The Court issued an Order, scheduling the hearing on the Motion for Preliminary Injunction for October 13, 2023, and ordering Arthur to respond to Plaintiffs' Motion for Preliminary Injunction no later than Tuesday October 3, among other things. (ECF No. 35). On October 3, 2023, Arthur filed a Motion for Extension of Time to File Answer (ECF No. 43), and Plaintiffs consented to Arthur's requested extension until October 5 to answer the Complaint. (ECF No. 44). On October 5, Arthur filed a Motion for Injunction against Thermo Fisher Scientific et al.'s Lawyers (ECF No. 48). On October 6, 2023, Plaintiffs filed a Notice of Unopposed Motion for Preliminary Injunction (ECF No. 53), emphasizing to the Court that Arthur had not filed a response to Plaintiffs' Motion for Preliminary Injunction.

On October 12, 2023, Plaintiffs filed a Motion for Default Judgment pursuant to Fed. R. Civ. P.55(b) because Arthur did not answer or otherwise respond to Plaintiffs' Complaint within the deadline for doing so. (ECF No. 66). On the morning of October 13, 2023, Arthur filed a Motion to Submit Countervailing Evidence (ECF No. 72). On October 13, 2023, the Court held an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, where Arthur admitted

he had not filed a response to Plaintiffs' Motion for Preliminary Injunction. On October 16, 2023, Arthur filed a Motion for Leave to File Answer to Order for Preliminary Injunction and Motion to Dismiss (ECF No. 81), with a proposed "Answer to Order for Preliminary Injunction" (ECF No. 81-1) attached. On that same date, Arthur filed a Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6) and Memorandum in Support. (ECF Nos. 82, 83). Therein, Arthur states that he moves to dismiss Plaintiffs' "proposed order for preliminary injunction." *Id*.

Arthur's Motion for Leave to File Answer to Order for Preliminary Injunction and Motion to Dismiss (ECF No. 81) seems to conflate an Answer to a Complaint and a response to a Motion. Under Fed. R. Civ. P. 12(a), a defendant must serve an answer within 21 days of being served with the summons and complaint. Conversely, local rules 4.01(B) provides the response time to a motion:

> [E]ach party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party must file with its memorandum all documentary evidence relied upon.

E.D.Mo. L.R. 4.01(B). Arthur has not filed an answer to the Verified Complaint. The Court denies the Motion for Leave to File Answer to Order for Preliminary Injunction and Motion to Dismiss (ECF No. 81). The Court orders Arthur to file an answer to the Verified Complaint (ECF No. 1) no later than Monday December 11, 2023.

**VII. Motion to Dismiss (ECF No. 82)**

Arthur purports to bring his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 83. In his Motion to Dismiss, Arthur relies upon documents outside the pleadings in support of his position that the Verified Complaint fails to state a claim. (ECF Nos. 82, 83); *see Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("[w]hen considering a

motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court generally must ignore materials outside the pleadings"). Given Arthur's reliance on matters outside the pleadings throughout his Motion to Dismiss and memorandum in support, the Court denies his Motion to Dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Arthur's Motion to Compel Plaintiffs to Produce Unredacted Documents (ECF No. 30), Arthur's Motion for Injunction Against Thermo Fisher Scientific et al.'s Lawyers (ECF No. 48), Plaintiffs' Motion for Default Judgment (ECF No. 66), Arthur's Motion for Leave to File a Proposed Amended Motion for Summary Judgment and Memorandum in Support (ECF Nos. 68, 70), Arthur's Motion to Submit Countervailing Evidence (ECF No. 72), Arthurs' Motion for Leave to File Answer or to Order for Preliminary Injunction and Motion to Dismiss (ECF No. 81), and Arthur's Motion to Dismiss (ECF No. 82) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Arthur shall file his Answer to Plaintiffs' Verified Complaint no later than **Monday, December 11, 2023**.

Dated this 1st day of December, 2023.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE