# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THERMO FISCHER SCIENTIFIC INC., | ) |
| Plaintiff, | ) No. 4:23-CV-1098 JSD |
| v. | ) |
| RYAN ARTHUR, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Sanctions (ECF No. 98), Defendant's Motion to Reject Forensic Examiners filed Ex Parte (ECF No. 118), Defendant's Motion for Leave to File Answer to Verified Complaint ECF No. 1 and to Dismiss Verified Complaint for Failure to State a Claim in Which Relief Can be Granted (ECF No. 123), Defendant's Ex Parte Application for Order to Show Cause Why Plaintiff's Forensic Examiners Should be Rejected and Why the Preliminary Injunction Should be Dissolved; Memorandum of Points and Authorities; Declaration of Ryan Arthur in Support Thereof (ECF No. 125), Plaintiffs' Motion for Contempt (ECF No. 126), Plaintiffs' Second Motion for Default (ECF No. 129), and Plaintiffs' Motion for Sealing of Select Exhibits in Support of Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion for Contempt (ECF No. 133). On January 9, 2024, the Court held a hearing on Plaintiffs' Motions. The Court considers all of these motions fully briefed and ready for disposition.

**I.     Plaintiffs' Motion for Sanctions (ECF No. 98)**

On October 20, 2023, Plaintiffs filed their Motion for Sanctions (ECF No. 98), and the Court heard oral argument on the Motion for Sanctions on November 13, 2023 (ECF No. 106).

In their Memorandum in Support, Plaintiffs also outlined several exhibits and filings where Defendant accused Plaintiffs' counsel of improper or illegal activity. At the hearing, the Court admonished Defendant and asked him to refrain from making baseless accusations and threats towards Plaintiffs' counsel. The Court again admonishes Defendant and orders him to refrain from making such incendiary comments towards Plaintiffs' counsel. The Court further grants Plaintiffs' request to order the redaction of Defendant's statements regarding Plaintiffs. Plaintiffs shall submit redacted versions of Defendant's filings, which the Clerk of the Court will use to replace the existing filings. The Court denies Plaintiffs' request for attorneys fees but may reconsider this decision if Defendant continues this conduct.

II. **Motion to Reject Forensic Examiners filed Ex Parte (ECF No. 118) and Defendant's Ex Parte Application for Order to Show Cause Why Plaintiff's Forensic Examiners Should be Rejected and Why the Preliminary Injunction Should be Dissolved; Memorandum of Points and Authorities; Declaration of Ryan Arthur in Support Thereof (ECF No. 125)**

On November 30, 2023, Defendant filed a Motion to Reject Forensic Examiners filed Ex Parte (ECF No. 118). The Court then issued a Show Cause Order (ECF No. 120), asking the Defendant why his Motion to Reject Forensic Examiners should be filed ex parte. On December 8, 2023, Defendant filed his Ex Parte Application for Order to Show Cause Why Plaintiff's Forensic Examiners Should be Rejected and Why the Preliminary Injunction Should be Dissolved; Memorandum of Points and Authorities; Declaration of Ryan Arthur in Support Thereof (ECF No. 125), which seemingly was in response to the Court's Show Cause Order.

In both of Defendant's Motions, he claims that Plaintiffs' forensic examiners from Polaris are "hackers and imposters who pose a threat to Defendant's personal safety and the integrity of the evidence[.]" (ECF No. 125 at 3). Defendant also fears that they may access his confidential information related to his work as a "confidential informant for the government,"

which in turn may "expose Defendant's identity and location to the public, plaintiff's forensic examiners, or to Plaintiff, who may retaliate against Defendant for whistleblowing." (*Id*.)

The Court denies Defendant's Motions and orders that the Clerk of the Court unseal these documents (ECF Nos. 118 and 125). Defendant has presented no evidence, other than speculation, that the forensic examiners from Polaris are "hackers and imposters." Further, Defendant's identity as a potential informant to the government and whistleblower are well-known to Plaintiffs and to the public through this litigation. Indeed, Defendant has also created a YouTube video, demonstrating his purported whistleblowing activities. As a result, the Court finds no basis for Defendant to file these Motions ex parte, orders that the Motions (ECF No. 118 and 125) be unsealed, and denies Defendant's request to reject the forensic examiners.

### III. Defendant's Motion for Leave to File Answer to Verified Complaint ECF No. 1 and to Dismiss Verified Complaint for Failure to State a Claim in Which Relief Can be Granted (ECF No. 123), Plaintiffs' Second Motion for Default (ECF No. 129)

On December 1, 2023, the Court ordered Defendant to file his Answer to Plaintiffs' Verified Complaint no later than Monday, December 11, 2023. *See* ECF No. 119. On December 11, 2023, Defendant filed a Motion for Leave to File Answer to Verified Complaint ECF No. 1 and to Dismiss Verified Complaint for Failure to State Claim in Which Relief can be Granted (ECF No. 123). Defendant's Motion for Leave (ECF No. 123) Memorandum in Support of Answer to Verified Complaint and Motion to Dismiss (ECF No. 124) contains legal argument and citations outside the pleadings, which are essentially duplicative of Defendant's Motion to Dismiss previously rejected by the Court. *See* ECF Nos. 82, 119.

On December 15, 2023, Plaintiffs filed their Second Motion for Default Judgment (ECF No. 129). Plaintiffs urge the Court to enter default judgment against Defendant for failing to

answer Plaintiffs' Complaint by December 11, 2023. Plaintiffs contend that Defendant's December 11, 2023 filing (ECF No. 123) is a Motion and not an answer.

The Court denies both Defendant's Motion for Leave to File Answer to Verified Complaint (ECF No. 123) and Plaintiffs' Second Motion for Default (ECF No. 129). As stated at the January 9, 2024 hearing, the Court finds Defendant's filing to be improper at this stage of litigation. The Court orders Defendant to file an answer to the Verified Complaint no later than January 17, 2024. This Court has previously denied Defendant's Motion to Dismiss and ordered him to file an answer. Any further failure to comply with this Court's order to file an answer will result in sanction to Defendant, including the possible entry of default judgment and imposition of a civil fine.

### IV. Plaintiffs' Motion for Contempt (ECF No. 126)

In their Motion for Contempt (ECF No. 126) and Supplemental Memorandum in Support of their Motion for Contempt (ECF No. 135),[1] Plaintiffs ask for the Court to use its power under 18 U.S.C. §401 to find Defendant in contempt and order appropriate sanctions, including an award of Plaintiffs' attorney fees and a fine for Defendant's failure to comply with this Court's orders. As part of their Motion for Contempt, Plaintiffs note that Defendant has not complied with this Court's Order to turn over all Plaintiffs' documents and all of his devices for inspection. Also, Defendant has continued to retain and utilize Plaintiffs' documents, even displaying some documents in a YouTube video.

---

[1] The Court grants Plaintiffs' Motion for Sealing of Select Exhibits in Support of Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion for Contempt (ECF No. 133).

The Court holds that Defendant is in contempt for failure to turn over all of Plaintiffs' documents, for failure to comply with the Court-ordered inspection of Defendant's devices, and for displaying Plaintiff's documents on social media. Defendant's conduct is inexcusable and in violation of this Court's clear and direct orders. The Court orders Defendant to turn over any and all of Plaintiffs' documents and property to Plaintiffs no later than Tuesday, January 16, 2024. Defendant must arrange to meet with a representative of Polaris on Tuesday, January 16, 2024 for inspection of his devices. Defendant must provide his email addresses and any other information necessary to allow the Polaris representative to inspect Defendant's devices and access Defendant's "cloud" (and any similar data storage) containing Plaintiffs' information and documents. Finally, Defendant must remove Plaintiffs' documents in his YouTube video no later than Tuesday, January 16, 2024. **Defendant's failure to comply with any of these directives by Tuesday, January 16, 2024, will result in the Court imposing a fine of $100 per day for his noncompliance.**

### V.      Plaintiffs' Oral Request that Defendant Refrain from Contacting Plaintiffs' Employees and Coming on Plaintiffs' Property

At the January 9, 2024, hearing, Plaintiffs asked the Court to order Defendant not to contact Plaintiffs' employees and not come onto Plaintiffs' property. Plaintiffs expressed their fear based upon some nefarious statements in Defendant's previous filings, as well as emails to counsel. The Court grants Plaintiffs' oral request, given that Defendant has identified no legitimate purpose in contacting Plaintiffs' employees or entering Plaintiffs' property and Plaintiffs have identified a legitimate concern as to Defendant's behavior.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, if interested, shall file his financial affidavit, Motion and Order Concerning Appointment of Pro Bono Neutral, and Motion for Appointment of Alternative Dispute Resolution (ADR) Pro Bono Limited Scope Counsel no later than **Wednesday, January 17, 2024**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (ECF No. 98) is **GRANTED**, in part, as discussed herein.  Plaintiffs shall submit redacted versions of any of Defendant's filings in order to remove any improper language.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reject Forensic Examiners filed Ex Parte (ECF No. 118) and Defendant's Ex Parte Application for Order to Show Cause Why Plaintiff's Forensic Examiners Should be Rejected and Why the Preliminary Injunction Should be Dissolved; Memorandum of Points and Authorities; Declaration of Ryan Arthur in Support Thereof (ECF No. 125) are **DENIED**.  The Court further orders the Clerk of the Court to unseal Defendant's filings (ECF Nos. 118 and 125).

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Answer to Verified Complaint ECF No. 1 and to Dismiss Verified Complaint for Failure to State a Claim in Which Relief Can be Granted (ECF No. 123) and Plaintiffs' Second Motion for Default (ECF No. 129) are **DENIED**.  Defendant shall file an answer to Plaintiffs' Verified Complaint no later than **Wednesday, January 17, 2024**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Contempt (ECF No. 126) is **GRANTED**, in part, as discussed herein.  Defendant shall turn over any and all of Plaintiffs' documents and property to Plaintiffs no later than Tuesday, January 16, 2024; Defendant shall arrange to meet with a representative of Polaris on Tuesday, January 16, 2024 for inspection of

his devices; Defendant shall provide his email addresses and any other information necessary to allow the Polaris representative to inspect Defendant's devices and access Defendant's "cloud" (and any similar data storage) containing Plaintiffs' information and documents. Finally, Defendant shall remove Plaintiffs' documents in his YouTube video no later than Tuesday, January 16, 2024. **Defendant's failure to comply with any of these directives by Tuesday, January 16, 2024, will result in the Court imposing a fine of $100 per day for his noncompliance.**

      **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sealing of Select Exhibits in Support of Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion for Contempt (ECF No. 133) is **GRANTED**.

      **IT IS FINALLY ORDERED** that Plaintiffs' Oral Request that Defendant Refrain from Contacting Plaintiffs' Employees and coming on Plaintiffs' Property is **GRANTED**.

Dated this 10th day of January, 2024.

                                                     _/s/ Joseph S. Dueker_
                                                     JOSEPH S. DUEKER
                                                     UNITED STATES MAGISTRATE JUDGE